UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONIE ECKHART,

    Plaintiff,

v.                                                                   Case No. 1:08-CV-1234

COMMISSIONER OF SOCIAL                      HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection to the Magistrate Judge's Report and Recommendation issued on January 22, 2010. In her report and recommendation, the Magistrate Judge concluded that the Administrative Law Judge's (ALJ) decision that (1) Plaintiff was not entirely credible, and (2) the objective medical evidence did not support Plaintiff's subjective allegations of pain and limitation, were supported by substantial evidence and recommended that it be affirmed. After conducting a *de novo* review of the report and recommendation and the materials on file, the Court concludes that the report and recommendation should be adopted by the Court.

The Magistrate Judge addressed the arguments raised in Plaintiff's objections. In her first objection, Plaintiff claims that the ALJ did not provide a clear rationale for why Plaintiff lacked credibility before February 1, 2003, or after July 31, 2004. As the Magistrate Judge noted, Plaintiff claims her pain rates 9 on a scale of 0-10 at least five out of seven days, but Plaintiff (1) declined to undergo carpal tunnel surgery to relieve the numbness and tingling in her hands, (Tr. 630-32), (2)

suffers from memory impairment, (Tr. 634-35), (3) has not participated in any regular treatment or physical therapy for her health concerns, (Tr. 30), (4) does not take prescription strength medication for her pain, (Tr. 30), and (5) none of Plaintiff's health care providers imposed work limitations consistent with the residual functioning capacity determination, (Tr. 30-31). Considering not only these facts, but also the record as a whole and the great weight and deference the Court must accord the ALJ's credibility assessment, *Workman v. Commissioner of Social Security*, No. 02-6283, 2004 WL 1745782, at *6 (6th Cir. 2004), the Court agrees with the Magistrate Judge that there is no compelling reason to disturb the ALJ's credibility determination for Plaintiff.

In her second objection, Plaintiff argues that the record provides ample support for Plaintiff's allegations of pain. While the Court does not dispute that Plaintiff feels some pain, that is not the standard this Court applies to a review of the Commissioner's decision. Instead, the Court is confined to a determination of whether there is substantial evidence to support the Commissioner's decision. *Cohen v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). "Substantial evidence is more than a scintilla of evidence but less than a preponderance." *Id.* (citations and quotations omitted). The medical history outlined in the report and recommendation satisfies this standard, specifically (1) none of Plaintiff's care providers imposed work limitations on Plaintiff after her cervical fusion surgery, (Tr. 30-31), (2) Plaintiff declined surgery for her "mild to moderate" right carpal tunnel syndrome and "mild" left carpal tunnel syndrome, (Tr. 342-44, 630-32), (3) Babinski testing was negative and Plaintiff exhibited normal range of motion, especially in the shoulders, neck and lumbosacral regions, (Tr. 366), and (4) Plaintiff did not take any prescription strength medication for her severe and almost constant pain, (Tr. 30). Therefore, while Plaintiff's evidence might support a finding of disabled, the Commissioner's decision was supported by substantial evidence. The Sixth Circuit has instructed that so long as the Commissioner's decision

meets this standard a reviewing court should not re-weigh evidence and substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *See Gaffney v. Brown*, 825 F.2d 98, 100 (6th Cir. 1987).

Finally, the Court notes that Plaintiff reads at least three hours per day, and watches television another four hours per day. (Tr. 583.) This testimony is consistent with the ALJ's residual functioning capacity determination that *inter alia* Plaintiff "can sit for 6 hours during an 8-hour workday." (Tr. 29.) As the vocational expert testified, there are 7,000 sit-stand jobs which Plaintiff could perform under this residual functioning capacity determination, and 3,000 sit-stand jobs that require only occasional gripping or grasping movements. (Tr. 665.) Plaintiff thus can perform other substantial gainful employment. *See Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1174 (6th Cir. 1990) (finding the significance threshold satisfied by 2,500 jobs which claimant could perform). Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket no. 14) is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.


Dated: March 29, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE